ISAAC SILBER v. PUBLIC SERVICE RAILWAY COMPANY.

Submitted March 13, 1909—Decided June 29, 1909.

1. The trial court may in its discretion allow the opening counsel to make a second address to the jury although no reply to his first address was made ; when such second address has been made it is error to refuse to permit defendant's counsel to reply to it.
2. *New York and Long Branch Railroad Co.* v. *Garrity*, 34 *Vroom* 50, followed.

On appeal.

Before Justices GARRISON, BERGEN and VOORHEES.

For the appellant, *Edwards & Smith.*

For the appellee, *Aaron A. Melniker.*

The opinion of the court was delivered by

GARRISON, J.  This appeal presents two questions touching the rights of counsel in summing up to the jury, or rather it presents two phases of the same question.  What happened at the trial thus appears in the state of the case:

"The Court—Counsel may sum up.

"Mr. Morton—We request an opening from the plaintiff.

"The Court—I want to know if you have any further rule on that.

"Mr. Melniker—In order to avoid any question I will open.

"[Mr. Melniker opens the case to the jury.]

"Mr. Morton (after Mr. Melniker has finished his argument)—We have no argument to make; we have a written request that the jury bring in a special finding.

"Mr. Melniker—If there is a request for an instruction, I desire to sum up.

"Mr. Morton—We object to his further summing up, on the ground that he has already summed up, and the matter has been presented to the jury.

"The Court—You may proceed, Mr. Melniker.

"Mr. Morton—Will your honor allow me an exception to the permission granted to the attorney for the plaintiff to further sum up on the ground that there has been no argument on behalf of the defendant, and, therefore, nothing for the plaintiff to reply to.

"The Court—The attorney is not to open and reply, but to open and close.

"Mr. Morton—I ask an exception.

"[Exception allowed.  Let it be sealed, and it is sealed accordingly.]

"FREDERIC E. CHAMBERLAIN,   [L. S.]

"*Judge of the District Court of the City of Bayonne.*

"[Mr. Melniker then addresses the jury at length.]

"Mr. Morton (after Mr. Melniker has summed up to the jury)—I desire to have the privilege of summing up to the jury for the defendant.

"The Court—You have already stated that you didn't wish to address the jury. I consider this the closing, and therefore you have waived your right.

"Mr. Morton—Does your honor refuse to allow me to address the jury?

"The Court—I do."

Counsel for appellant by his specifications complains of the action of the trial court—*first,* in allowing plaintiff's counsel to address the jury twice, and *second,* in refusing to allow defendant's counsel to reply to the second address to the jury.

The action of the trial court was right in the first respect and wrong in the second, and in both respects is covered by the decision of this court in *New York and Long Branch Railroad Co.* v. *Garrity,* 34 *Vroom* 50.

The judgment of the District Court of Bayonne is reversed.